Law Offices Of:
HARRISON & MATSUOKA

WILLIAM A. HARRISON    #2948
841 Bishop Street, Suite 800
Davies Pacific Center
Honolulu, Hawaii  96813
Telephone Number:   523-7041
Facsimile Number:  538-7579
E-Mail:  wharrison@hamlaw.net

Attorney for Defendant
PRANEE TUBCHUMPOL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR. NO.10-00576-02 SOM |
| | ) |
| Plaintiff, | ) **MEMORANDUM ION SUPPORT OF** |
| | ) **MOTION TO MODIFY** |
| vs. | ) **CONDITIONS OF RELEASE** |
| | ) **ORDER** |
| PRANEE TUBCHUMPOL, (02) | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO MODIFY
CONDITIONS OF RELEASE ORDER**

**I.     RELEVANT FACTS**

On January 19, 2011 the Honorable Barry M. Kurren ordered the modification of Defendant's detention order.

The Court held that the presumptions contained in 18 U.S.C. §3142(g) had been rebutted and ordered that Defendant TUBCHUMPOL be released on bail pending trial. The Court was satisfied that there are conditions, which may be imposed to reasonably assure the safety of the community and assure defendant's appearance at trial. The main concern of the court was TUBCHUMPOL'S flight risk. The court ordered as a condition of bail *inter alia* that she execute a bond in the amount of $250,000.00 secured by a $20,000.00 mortgage on the property of Alberto Molinar, located in Gardenia, California.

Defendant has met all requirements of bail one of which was electronic monitoring.

Defendant has now been monitored for over 7 months and during that time period has complied with all conditions of supervision

Defendant respectfully asks that she be allowed to terminate the electronic monitoring condition of release.

### ARGUMENT

### THE REQUESTED MODIFICATION OF CONDITIONS IN THIS MATTER ARE CONDITIONS WHICH WOULD REASONABLY ASSURE THE PROTECTION OF THE COMMUNITY AND THE APPEARANCE OF DEFENDANT HEREIN

Title 18, United States Code, section 3142(f) provides, in relevant part, as follows:

2

> "The [detention] hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community."

Defendant would request that she be permitted to terminate the GPS monitoring in this case as that limited modified condition is not necessary to assure her appearance in this case.

The Bail Reform Act of 1984 requires the release of a person facing trial under the least restrictive conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. 3142(c)(1) (1994); *United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991)*. Regarding the statutory requirements, the Ninth Circuit has stated: "The Fifth and Eighth Amendments' prohibitions of deprivation of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected." *United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985)*.

The burden falls to the government to show by a clear preponderance of the evidence that under the above modified conditions TUBCHUMPOL poses a flight risk. *Id. at 1406-07*. The "clear preponderance" standard applied to flight risk has been described as follows: The Ninth Circuit's "preponderance of the

3

evidence" standard in pretrial detention matters is more than the usual "tips the scale slightly test" test applied in civil cases. To give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases, applying a "clear preponderance" test. *United States v. Chen, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992)*. The seriousness of the charges against the defendant and the weight of the evidence against her, when used to sustain a detention order, are the least important of the factors the court must consider under 3142(g), and do not warrant pretrial detention on their own because that would result in a de facto predetermination of the defendant's guilt. *Motamedi*, 767 F.2d at 1408.

Although the burden of proof in the detention hearing is clear preponderance of the evidence rather than beyond a reasonable doubt, that burden remains with the government. See, *United States v. Clark, 791 F.Supp. 259 (E.D. Wash. 1992); United States v. Chen, 820 F.Supp. 1205 (N.D. Cal. 1992)*. In deciding to grant the defendants' motions in *Clark* and *Chen* for pretrial release, the court focused on the weight of the evidence against the defendants, and the defendants' family and community ties, as they related to flight risk. The court found that the defendants did not pose a danger to the community. *Id.*

In this case, the court found that defendant has sufficient community ties in Los Angeles, California. Moreover, Defendant has an ongoing business

concern in California, as well as and a responsible sponsor. She has complied with all conditions of release to date.

In this case TUBCHUMPOL merely wants to modify the GPS monitoring provision of the court's release order. She will comply with all conditions of release which the court fashioned to address its concerns.

## II. <u>CONCLUSION</u>

TUBCHUMPOL respectfully asks the court to reexamine the prior order requiring electronic monitoring in this case.

Dated: Honolulu, Hawaii August 20, 2011.

Law Offices Of:
HARRISON & MATSUOKA          /s/ William A. Harrison
                              WILLIAM A. HARRISON
                              Attorney for
                              PRANEE TUBCHUMPOL

concern in California, as well as and a responsible sponsor. She has complied with all conditions of release to date.

In this case TUBCHUMPOL merely wants to modify the GPS monitoring provision of the court's release order. She will comply with all conditions of release which the court fashioned to address its concerns.

## II. <u>CONCLUSION</u>

TUBCHUMPOL respectfully asks the court to reexamine the prior order requiring electronic monitoring in this case.

Dated: Honolulu, Hawaii August 20, 2011.

Law Offices Of:
HARRISON & MATSUOKA          /s/ William A. Harrison
                             WILLIAM A. HARRISON
                             Attorney for
                             PRANEE TUBCHUMPOL