**LAW OFFICES OF WILLIAM J. KOPENY**
8001 IRVINE CENTER DRIVE, SUITE 400
IRVINE, CALIFORNIA 92618
TELEPHONE: (949) 754-2944
FACSIMILE: (949) 754-2912
WILLIAM J. KOPENY (SBN 61764)

Attorney for Defendant
MORDECHAI ORIAN

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. MORDECHAI ORIAN (01), Defendant. | CR No. 10-00576-SOM<br><br>DEFENDANT ORIAN'S MEMORANDUM IN SUPPORT OF APPEAL AND REQUEST TO DISTRICT JUDGE TO RECONSIDER A MATTER DETERMINED BY THE MAGISTRATE JUDGE; DECLARATION OF COUINSEL<br><br>(Government's Motion to Continue and For Protective Order) |

**TO: THE HONORABLE SUSAN O. MOLLWAY, UNITED STATES DISTRICT JUDGE**

Defendant Orian files this Memorandum in Support of his appeal from the order continuing the jury trial herein, and the protective order granted in support of that continuance.

### Memorandum in Support of Appeal

On October 25, 2011, the Government moved for an order continuing the case 9 months or more, on the grounds that: (1) it could not review the discovery it obtained from Defendant Orian on December 14, 2010 by search warrant in time to be ready for trial; and (2) the Government had changed prosecution teams.

The reasons given for the motion included the fact that only a small number of 77 hard drives seized in the December, 2010 search had been imaged, and that in November, 2011, after the Government for the first time in October of 2011,

-1-

1  asked Defendant Orian for a list of the names of attorneys who may be in the
2  seized documents in order to screen for potential attorney client privileged
3  documents, Defendant Orain identified 72 attorneys whose communications might
4  be found within the documents seized by the Government in December of 2010.
5      The Magistrate Judge, the Honorable Richard L. Puglisi, denied the motion
6  on November 3, 2011 (See Crim.Dkt., Document ## 311 [Motion], 314 [Order].)
7      In his opposition papers, and subsequent filings (incorporated by this
8  reference) in support of the motion, Defendant Orian showed argued that (1) there
9  was no basis to continue because the Government chose unilaterally to replace a
10 4-member prosecution team with 4 new members, merely because one of the
11 members of that team alleged (but never established by any evidence) illness; (2)
12 the failure of the Government to even begin in earnest to review the hard drives
13 seized in December 2010 until September or October of 2011, or to request the
14 names of Mr. Orian's attorneys for screening until that time represented nothing
15 more than the Government's lack of preparation, a ground on which a continuance
16 is prohibited by 18 U.S.C. § 3161(h)(7)(C).
17     After the Government's initial motion was denied, the "final" discovery and
18 status conference was re-set by the United States Magistrate Judge to December
19 2, 2011, and on December 1, 2011, the Government e-filed (after 8 pm), a renewed
20 motion for continuance of the trial, this time for a period of 6-months.  In this
21 renewed motion the Government alleged it would take 25-man years to review the
22 material involved, but that if the Court granted a protective order relating to
23 approximately 20 million potentially attorney-client privileged documents,
24 allowing the Government to provide those documents, containing materials that
25 were privileged communications between Defendant Orian and his attorneys, to
26 the other defendants' counsel, the Government could provide discovery to the
27 defendant's by March, 2011, and review the material and prepare for trial by
28 August, 2011.

-2-

1       In the Government alleged, falsely, that it had provided all of the material seized from Defendant Orain to Defendant Orian on November 21, 2011. In fact, the contents of all 72 hard drives have *still* not be made available to Defendant Orian. What was provided was the original hard drives situated in the FBI offices in Hawaii, and they were not handed over until December 2, 2011. The remaining drives are spread around the country (according to the Government) in Los Angeles and Quantico), and promised to be delivered soon.

      In addition, although the Government asked for a protective order in its moving papers (for the renewed motion to continue) it cited no authority authorizing such an order until its Reply Brief, to which Defendant Orian had no opportunity to respond.

      In that filing, (Crim.Dkt., Document #342) the Government for the first time cited Federal Rules of Evidence, Rule 502(d) on which the Magistrate Judge relied to grant the Government's requested protective order (Dkt. # 345-1) which in effect requires/permits the Government to provide large numbers of Defendant Orian's attorney-client privileged documents to his co-defendants in this action.

      Defense counsel has found <u>no criminal cases</u> in which a District Court has ever granted such a protective order and thus allowed, albeit without a waiver of the attorney-client privilege, third parties to have and review a criminal defendant's attorney client privileged documents.

      Moreover, the Government will not be required to even identify which of potentially 20 million such "potentially privileged documents" it hands over to these co-defendant's contain privileged matter, so those parties will be free to review them and potentially use them or attempt to use them before Defendant Orian will be aware that they are intending to use his privileged material, without his consent or waiver.

      Because: (1) the Government has still not shown diligence in preparing for this trial; (2) the Government unilaterally changed its entire trial team, thus

-3-

losing whatever knowledge the prior team had that led it to claim it would be ready for trial in February of 2011 when this Court announced in the presence of then lead Government's counsel that the date was firm and the case would go to trial; (3) the Government did not even begin to image the hard drives it seized on December 14, 2010 until sometime in September, 2011; (4) the Government's solution is to dump 20 million documents on Defendant Orian and let him first sort out which are privileged, and then assert that privilege, even though the Government knew (and stated in its search warrant affidavit) that it would be seizing attorney-client privileged material, and promised to use a taint team to protect against any disclosure of such documents to the actual prosecution team; and (5) the result of the Government's tardy motion to continue and renewed motion to continue is to place documents which the Government considers too sensitive for its own trial prosecutors to view in the hands of co-defendants who could easily misuse them against Defendant Orian in their own defense; and (6) the Magistrate Judge's finding that there was not a serious hardship on the Defendants because their conditions of release are "relaxed" is not a valid reason under the Speedy Trial Act or the Sixth Amendment right to a speedy trial to continue a trial that was already set (in February, 2012) 13 months after the Superceding Indictment; (7) although this case was designated "complex" based solely on the Government's representations about the nature of the case, it is not appreciably <u>more complex now</u> than it was when the February 2012 date was set, and although the Government claims it is dealing with approximately 120 million documents (a claim that Defendant Orian disputed in his opposition to the Government's renewed motion to continue, which is also incorporated by this reference), in fact, it is likely that the volume of relevant documents seized by the Government does not exceed 100,000.

    Finally, as the attached Declaration of Counsel shows, if the Government's calculations are correct, and if the number of victims in this case alleged by the

Government (less than 200) is correct, there would be over one half million document pertaining to each victim, which is palpably absurd. What the Government has seized includes many documents unrelated to the time frame of this indictment, unrelated to the companies named or actually associated with Global Horizons in connection with anything to do with foreign workers, and numerous electronic copies of each document. This is true because the Government search warrant was over broad in the extreme, and it called for seizing 77 computer hard drives, even though all of those drives drew their contents from a server containing no more than a fraction of the combine total of the capacity of those 77 hard drives. (See attached Declaration of Counsel).

For all these reasons, and those stated in the opposition to the Government's initial motion to continue, and in opposition to the Government's Renewed Motion to Continue, this Court is respectfully urged to re-consider and deny the Government's motion to continue the trial, and to deny the motion for a protective order which finds no support in any federal criminal cases.[1]

Dated: December 30, 2011

Respectfully submitted,

/S/ William J. Kopeny

WILLIAM J. KOPENY
Counsel for Defendant
MORDECHAI ORIAN

---

[1] All of the cases cited by the Government approving such orders under Evidence Rule 502(d) are civil cases and they do not involve disclosing privileged materials to third parties who might use them in a way that would assist the Government's efforts to convict and incarcerate the holder of the attorney-client privilege, as would the protective order issued by the Magistrate Judge here.