FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

ROBERT J. MOOSSY, JR.
Principal Deputy Chief
DANIEL H. WEISS
Trial Attorney
Human Trafficking Prosecution Unit
Criminal Section, Civil Rights Division
601 D Street, NW
Washington, D.C.  20530
Telephone:  (202) 616-6594
Facsimile:  (202) 616 0372
Email: Daniel.Weiss@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00576 SOM |
| | ) | |
| Plaintiff, | ) | UNITED STATES' MOTION FOR |
| | ) | AN INTERLOCUTORY PRIVATE |
| v. | ) | JUDICIAL SALE; DECLARATION OF |
| | ) | MAULIKEALOHIMAIKALANI |
| MORDECHAI YOSEF ORIAN, (01) | ) | ALENCASTRE; CERTIFICATE OF |
| aka "MOTTY," | ) | SERVICE |
| PRANEE TUBCHUMPOL, (02) | ) | |
| aka "SOM," | ) | |
| RATAWAN CHUNHARUTAI, (05) | ) | |
| PODJANEE SINCHAI, (06) | ) | |
| aka "POJANEE LOICHIRN," | ) | |
| aka "PHODCHANEE," | ) | |
| aka "JEH MAEW," | ) | |
| JOSEPH KNOLLER, (08) | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' MOTION FOR AN INTERLOCUTORY PRIVATE SALE

Plaintiff, United States of America, by and through the United States Attorney for the District of Hawaii, moves the court to order an interlocutory private judicial sale of the

following personal property, identified in the First Superseding Indictment for the reasons set forth herein and in the attached Declaration of Deputy United States Marshal Maulikealohimaikalani Alencastre:

> One (1) 1960 Grey Piper Aztec Model PA-23-250 Fixed Wing, Multi-Engine Aircraft, Serial No. 27-286, Registration No. N559JT, Including All Maintenance, Engine and Aircraft Logs, and All Attachments Thereon,

(hereafter the "Subject Property")

## I. PROCEDURAL HISTORY

1. On January 12, 2011, the First Superseding Indictment in Cr. No. 10-00576 SOM was filed with this Court against Defendant, MORDECHAI YOSEF ORIAN aka "MOTTY," and others alleging that the Subject Property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1594(d).  Pursuant to Title 18, United States Code Section 1594(d), upon conviction of an offense in violation of Title 18, United States Code, Section 1589, the defendant shall forfeit to the United States (1) any property real or personal, used or intended to be used to commit or to facilitate the commission of the offenses; and (2) any property real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses. The case is currently set for trial before the Court on August 28, 2012 at 9:00 a.m.

2. The Subject Property was seized on July 23, 2010 pursuant to the execution of a seizure warrant.  All known potential claimants have received notice of the seizure and forfeiture.  At the time of seizure, the registered owner of the Subject Property with the FAA was Dillon Orian, 87-3206 Mamalahoa Highway, Captain Cook, Hawaii 96704.  FAA records indicate that Dillon Orian acquired the Subject Property on August 23, 2005 from defendant Mordechai Orian.  There are no liens on the Subject Property.  On August 17, 2010, notice of the seizure was sent to Mordechai Orian, Dillon Orian, and Paul Wong, Esq., an attorney for Mordechai Orian, via certified mail, return receipt requested.  Notice of the seizure and administrative forfeiture was also published in the Wall Street Journal on September 3, September 10, and September 17, 2010.  The time to file claims expired on October 18, 2010.  Claims were filed by Mordechai Orian on August 30, 2010 and by Yun Ru, mother and legal guardian of Dillon Orian, a minor, on October 25, 2010.  On October 14, 2010, Mordechai Orian withdrew his previously filed claim, and Yun Ru's claim on behalf of her minor son, Dillon Orian, was deemed timely.

## II. AUTHORITY FOR INTERLOCUTORY SALE

3. When certain conditions are present, the court has authority under the following procedural rules and statutory provisions to order an interlocutory sale of property that is

subject to criminal forfeiture prior to a final adjudication on the Government's forfeiture action.

      4.   Rule G(7)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as incorporated by Rule 32.2 (b)(7) of the Federal Rules of Criminal Procedure, provides:

> (a) <u>Interlocutory Sale or Delivery</u>
>
> > (i) <u>Order to Sell.</u>  On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
> >
> > > (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> > >
> > > (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
> > >
> > > (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
> > >
> > > (D) the court finds other good cause.
> >
> > (ii) <u>Who Makes the Sale.</u>  A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.
> >
> > (iii) <u>Sale Procedures.</u>  The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.
> >
> > (iv) <u>Sale Proceeds.</u> Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.

>           (v) <u>Delivery on a Claimant's Motion.</u>  The court
>           may order that the property be delivered to the
>           claimant pending the conclusion of the action if
>           the claimant shows circumstances that would permit
>           sale under Rule G(7)(b)(i) and gives security
>           under these rules.

Title 21, United States Code, Section 853(e)(1), which applies in all criminal forfeitures pursuant to Title 28, United States Code, Section 2461(c),  provides that —

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of the property for forfeiture.

**III. The Conditions for an Interlocutory Sale are Present**

As set forth in this case, a court-ordered interlocutory private judicial sale of the subject property, pursuant to the provisions cited above, is justified because maintenance and storage costs on the aircraft have exceeded its appraised value.  An interlocutory sale is necessary in order to prevent any further diminution in value.  The Declaration of Deputy United States Marshal Maulikealohimaikalani Alencastre is attached and incorporated herein.  These factors demonstrate the need for an interlocutory sale to preserve the value of the property pending a determination of the Government's forfeiture claims.

**IV.  Judicial Sales and Procedure**

If a court orders an interlocutory sale of property over the objection of any interested party, the sale must comply with the provisions of 28 U.S.C. §§ 2001 and 2002.  Supp. Rule G(7)(b)(iii), incorporated by Fed. R. Crim. P. 32.2(b)(7).  While sections 2001 and 2002 apply to the sale of real property, section 2004 makes those procedures applicable to the sale of personal property. These statutes provide procedural safeguards to ensure that court-ordered sales are made on terms that best preserve the parties' interests. Section 2001(a) authorizes public sales of property and sales by court-appointed receivers. Section 2001(b) permits private sales of property for cash or other consideration after a hearing of which notice to all interested parties shall be given by publication, or as otherwise directed by the court, and after the court finds that the best interests of the estate will be conserved thereby.

Before confirming a private sale, the court must appoint three disinterested persons to appraise the property. No private sale may be confirmed for less than two-thirds of the appraised value.  The proposed sale terms must be published in a newspaper(s) of general circulation as the court directs at least 10 days before confirmation. The sale may not be confirmed if a bona fide offer is made to buy the property for at least ten percent more than the proposed sale price.

By this motion, the United States is requesting authorization to proceed with a private sale of the above-listed Subject Property. Based upon the reasons set forth herein, a prompt sale of the Subject Property by the USMS affords the best protection to all concerned. A private sale versus a public sale will allow the USMS the discretion to sell the Subject Property in the most commercially feasible manner. Normally, the USMS sells aircraft through a sealed bid auction run by its national vendor, Aero Mod Service, Inc., Midland International Airport, P.O. Box 60314, Midland, Texas 79711, instead of at public auction.

As required by section 2001(b) notice of the Government's motion for an interlocutory private judicial sale and of the hearing on the motion must be given by publication or otherwise as the court directs. The only claimant who has filed a timely claim alleging an interest in the Subject Property is Yun Ru, as legal guardian of Dillon Orian, a minor. Accordingly, notice should be given to that claimant.[1] Since there are no liens on the Subject Property, all defendants in the criminal case as well as the sole claimant are being served with the motion by the United States Attorney's Office, and all defendants in the criminal case as well as the sole claimant are being

---

[1] Depending on when the motion is filed, publication of the motion and notice of the hearing may or may not be necessary. If publication of the forfeiture action has already been completed and the time for claims/petitions has expired, we believe notice to the claimants/petitioners should be the only notice required.

served notice of the hearing via certified mail by the United States Marshals Service, the United States also seeks to be relieved of the obligation to publish notice of the hearing on the motion.

Pursuant to section 2001(b), the court must appoint three disinterested persons to appraise the properties. In order to facilitate that appointment, the United States has consulted with the USMS and suggests a selection of three appraisers from the following list of four disinterested appraisers:

   RD Stewart, Honolulu, HI 96815
   Email: rds@iolaniair.com
   Website: www.Hipacterr.com
   Phone: 808-329-0018

   Ira Waterman, Redondo Beach, CA 90278
   Email: h2osba@aol.com
   Website: www.watermanaircraftappraisals.com
   Phone: 310-283-5412

   Richard H. Hart, Northridge, CA 91325
   Email: rhart@nationalhelicopter.com
   Website: www.nationalhelicopter.com/indexa.html
   Phone: 818-345-5222

   Stephen J. Coonan, Irvine, CA 92614
   Email: scoonan@aol.com
   Website: www.planesworth.com
   Phone: 877-266-7791

Once a contract for sale has been obtained and prior to the Government's request for the Court's confirmation of the sale, the terms of the sale must be published in a newspaper or newspapers of general circulation as the court directs at least 10 days before confirmation. After publication of the terms of

the sale, the United States must submit a motion for confirmation which may be approved unless another offer guarantees at least a 10 percent increase over the price offered in the private sale. In order to expedite the sale, the United States suggests that notice of the sale, prior to confirmation, be published in the following newspaper:

**HONOLULU STAR ADVERTISER**

**V.   Conclusion**

For the reasons stated above, the United States respectfully requests that the court order the sale of the Subject Property described herein.

Dated: April 10, 2012, at Honolulu, Hawaii.

Respectfully submitted,

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

/s/ Florence T. Nakakuni
_____
For ROBERT J. MOOSSY, JR.
Principal Deputy Chief
DANIEL H. WEISS
Trial Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing United States' Motion for an Interlocutory Private Judicial Sale; Declaration of Maulikealohimaikalani Alencastre; and Certificate of Service was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Michael Green, Esq.
    William Kopeny, Esq.
    I. Randolph Shiner, Esq.
    Attorneys for MORDECHAI YOSEF ORIAN

    William Harrison, Esq.
    Attorney for PRANEE TUBCHUMPOL

    Dana Ishibashi, Esq.
    Attorney for JOSEPH KNOLLER

Served by First Class Mail:

    Dana Cole, Esq.
    Attorney for JOSEPH KNOLLER
    1925 Century Park East
    Suite 2000
    Los Angeles, CA 90067

    John Goalwin, Esq.
    Attorney for Claimant Run Yu,
     Guardian of Dillon Orian, a minor
    350 South Figueroa Street, #499
    Los Angeles, CA 90071

Dated: April 10, 2012, at Honolulu, Hawaii.

/s/ La-Dell VanDeren
La-Dell VanDeren